J-S37026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD KNOX | : | |
| | : | |
| Appellant | : | No. 120 EDA 2023 |

Appeal from the PCRA Order Entered December 15, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011694-2015

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED MARCH 8, 2024**

Leonard Knox ("Knox") appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act[1] ("PCRA") as untimely.  Knox's counsel ("Counsel") has filed a petition to withdraw from representation and a "no-merit" brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm and grant Counsel's petition to withdraw.

In November 2014, Knox shot and killed his stepbrother, Desmond Sinkler ("Sinkler"), after closing hours outside of a bar.  Knox accompanied police to the police station, signed a form indicating his receipt of **Miranda**[2] warnings, and gave a statement asserting he acted in self-defense.  **See Commonwealth v. Knox**, 219 A.3d 186, 191 (Pa. Super. 2019).

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Miranda v. Arizona**, 384 U.S 436 (1966).

Between December 2014 and September 2017, the trial court found Knox incompetent to stand trial five times. In August 2016, however, "correctional officers observed . . . Knox communicated effectively, appropriately, and directly . . .. Mental health evaluators determined Knox was competent to stand trial and had been malingering with respect to his mental health." *See id*.

In December 2017, Knox filed a motion to suppress his police statement claiming the invalidity of his *Miranda* waiver based on his mental illness and inability to understand the rights he waived. Uncontradicted testimony at the hearing on Knox's motion established that Knox had bipolar disorder but made a knowing, intelligent, and voluntary *Miranda* waiver. *See id*.

At trial, the jury rejected Knox's prior assertion he shot Sinkler in self-defense and convicted him of third-degree murder and possessing an instrument of crime. The trial court imposed an aggregate sentence of twenty to forty years of imprisonment. *See Knox*, 219 A.3d at 191-93; PCRA Court Opinion, 12/15/22, at 1.

On direct appeal, this Court rejected Knox's claim the trial court erred in denying his motion to suppress based on his alleged incompetence. *See Knox*, 219 A.3d at 194. On March 31, 2020, the Pennsylvania Supreme Court denied Knox's petition for allowance of appeal. *See Commonwealth v. Knox*, 228 A.3d 256 (Pa. 2020). Knox did not file a petition for writ of *certiorari.*

On November 5, 2021, Knox filed a *pro se* PCRA petition, and the court appointed PCRA counsel ("PCRA counsel"). PCRA counsel filed an amended PCRA petition in March 2022, and a supplemental petition later that month. In June 2022, following oral argument, the PCRA court continued the case for counsel to file a supplemental PCRA petition, which counsel filed in August 2022. In August 2022, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. In September 2022, Knox filed a *pro se* response to the Rule 907 notice alleging PCRA counsel's ineffectiveness.

In September 2022, the PCRA court permitted PCRA counsel to withdraw and appointed new PCRA counsel ("new PCRA counsel"). In October 2022, after reviewing the record, new PCRA Counsel filed a no-merit letter pursuant to **Finley**, **supra**. In November 2022, the PCRA court filed a Rule 907 notice and Knox filed a *pro se* response[3] asserting new PCRA counsel was ineffective for failing to address his claims that he was incompetent at all stages from pre-arrest to sentencing, all prior counsel violated the Rules of Professional Conduct by failing to file his amended PCRA petition, and the PCRA court's agreement with the no-merit letter was evidence of collusion and the denial of equal treatment. The PCRA court dismissed Knox's petition. The court appointed instant PCRA counsel ("Counsel") in December 2022. Counsel filed a **Finley** no-merit letter and an application to withdraw as counsel in this Court.

---

[3] Although the docket does not reflect it, new PCRA counsel was apparently permitted to withdraw from representation.

The PCRA court did not order Counsel to file a 1925(b) statement, and none was filed. The court issued an opinion.

We surmise the following claims of trial counsel's ineffectiveness from Counsel's brief – (1) failing to investigate and present evidence of Knox's mental health at the suppression hearing and trial, (2) failing to object to the Medical Examiner's testimony, (3) failing to investigate Sinkler's background and to show he owned a gun and was the original aggressor, and (4) the cumulative effect of trial counsel's errors prejudiced Knox. ***See Turner/Finley*** Brief at 21-24. Additionally, Counsel notes Knox's claims prior PCRA counsel failed to review the record for meritorious issues, all prior counsel violated Rule of Professional Conduct 1.2 by not filing an amended PCRA petition, and the PCRA court's agreement with Counsel's "no merit" letter demonstrates collusion. ***See id***. at 25-27.

As an initial matter, we address Counsel's motion to withdraw as counsel. In a PCRA matter, an application to withdraw as counsel must comply with the ***Turner/Finley*** requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner*** and Finley[] and must review the case zealously. ***Turner/Finley*** counsel must then submit a "no merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to

withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation and brackets omitted). If this Court determines counsel has satisfied these technical requirements, we then conduct our own review of the case and if we agree the claims are without merit, we will permit counsel to withdraw and deny relief. ***See id***.

Here, Counsel has satisfied the above procedural requirements. In his brief, he discusses Knox's potential claims, the relevant case law and supporting documents, and the reasons why the issues are without merit. Counsel has also submitted a motion for leave to withdraw, stating he sent copies of the brief and a copy of the motion to withdraw to Knox. ***See*** Motion for Leave to Withdraw, 4/23/23, at 1-5 (unnumbered). Counsel's motion informed Knox of his conclusion that the appeal would lack arguable merit, and Knox's right to retain alternative counsel or proceed *pro se*. ***See id***. at 1. Knox has not filed a response to the motion to withdraw or brief. Thus, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

When we review an order dismissing a PCRA petition, we determine whether the decision is supported by the record and free of legal error. ***See Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). Here, the PCRA Court determined it lacked jurisdiction to consider Knox's petition because the petition was untimely. ***See*** PCRA Court Opinion, 12/15/22, at 6.

- 5 -

A PCRA petition must be filed within the one-year period immediately following the date on which the judgment of sentence became final. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: 1) the claim was not previously raised due to interference by government officials, 2) the petitioner did not know and could not have known of the claim earlier through the exercise of due diligence, or 3) the petitioner asserts a right recognized after sentence was final that has been held to apply retroactively. **See** 42 Pa.C.S.A. § 9454(b)(1)(i-iii). In order to invoke the newly discovered evidence time-bar exception, the petitioner must establish not only that the facts upon which the claim is predicated were unknown but also that they could not have been ascertained with the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(ii); **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

In his **Turner**/**Finley** brief, Counsel notes Knox claims PCRA counsel failed to inform him of the denial of his petition for allowance of appeal, but Knox fails to allege, or proffer any evidence of, his due diligence in ascertaining the status of his appeal. **See** Counsel's Brief at 18-19. Counsel asserts Knox did not establish he exercised due diligence to discover this claim. **See id**.

The PCRA court acknowledged attorney abandonment can constitute a proper assertion of a newly-discovered fact but the exception only applies where the petitioner acts with due diligence in discovering the fact of abandonment. **See** PCRA Court Opinion, 12/15/22, at 8. The PCRA court held

- 6 -

Knox failed to prove due diligence because he failed to establish when he learned of the denial of his petition for allowance of appeal or showed due diligence in ascertaining that fact. *See* PCRA Court Opinion, 12/15/22, at 8-9.

The trial court did not err in finding Knox failed to establish he acted with due diligence to ascertain the status of his petition for allowance of appeal. The Supreme Court denied Knox's petition for allowance of appeal in March 2020, and Knox did not file his PCRA petition for more than one and one-half years, in November 2021. Knox has not explained what steps, if any, he took to contact counsel or otherwise to exercise due diligence to discover that his petition had been denied. Accordingly, his claim is time-barred and he may not have review of the merits of his claims. *See Brown*, 111 A.3d at 178.

Even if we were to reach the merits of Knox's claims, he would not be due relief. We review ineffectiveness claims under the following standard:

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted). Further, a "PCRA court's

credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016) (internal citations omitted).

Generally, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Smith*, 995 A.2d 1143, 1151 (Pa. 2010) (internal citation omitted).

Concerning trial counsel's alleged ineffectiveness for failing to investigate Knox's mental health, the PCRA court noted that, prior to trial, Knox was found competent and determined to have been malingering regarding his mental health. *See* PCRA Court Opinion, 12/15/22, at 9, citing N.T., 3/2/18, at 16-20. Moreover, trial counsel obtained Knox's mental health

records and provided them to a psychologist, who found him competent. **See** PCRA Court Opinion at 9-10, citing N.T. 3/2/18, at 38-42. Finally, introducing mental health evidence at trial would have opened the door to evidence of Knox's malingering. **See** PCRA Court Opinion, 12/15/22, at 10. Trial counsel was thus not ineffective for not pursuing unhelpful and potentially harmful mental health evidence. **See Commonwealth v. Mitchell**, 105 A.3d 1257, 1289 (Pa. 2014) (finding counsel reasonably chose not to present mental health records that would have opened the door to other, unfavorable medical records).

Regarding counsel's ineffectiveness for failing to challenge the assistant medical examiner's testimony, the PCRA court noted that the witness performed his own, independent opinion of Sinkler's cause of death and did not violate the confrontation clause. **See** PCRA Court Opinion, 12/15/22, at 11. The PCRA court's opinion is correct as a matter of law. **See Commonwealth v. Leaner**, 202 A.3d 749, 771-72 (Pa. Super. 2021) (finding the confrontation clause is not violated where doctor who did not perform autopsy testifies he reviewed the autopsy report and reached an independent conclusion on the cause and manner of the victim's death).

Concerning trial counsel's alleged failure to investigate Sinkler's background and gun ownership, the PCRA court found Knox failed to provide details supporting self-defense or knowledge of Sinkler's alleged violent history, and photographs of Sinkler holding guns years before would not have

been relevant to a self-defense claim at trial. ***See*** PCRA Court Opinion, 12/15/22, at 11. Because Knox did not demonstrate that an assertion of self-defense would have changed the trial result, his claim is meritless. ***See Johnson***, 139 A.3d at 1272; ***Commonwealth v. Sheppard***, 648 A.2d 563, 566 (Pa. Super. 1994) (stating petitioner bears the burden of proving ineffective assistance, and counsel is not ineffective for declining to assert a non-meritorious defense).

The PCRA court comported with the law when it rejected Knox's cumulative error claim because no number of failed ineffectiveness claims may be cumulated to warrant relief. ***See*** PCRA Court Opinion, 12/15/22, at 12, citing ***Commonwealth v. Reid***, 99 A.3d 470, 520 (Pa. 2014).

Finally, regarding Knox's claims that prior counsel failed to review the record for meritorious issues, and violated Rule of Professional Conduct 1.2, and the PCRA court colluded with Counsel by dismissing Knox's petition, the PCRA court noted Knox failed to identify meritorious issues counsel should have raised, and there is no basis to conclude the court denied Knox fair treatment. ***See*** PCRA Court Opinion, 12/15/22, at 12-13. Knox failed to establish the merits of these claims, and no relief is due. ***See Johnson***, 139 A.3d at 1272.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/8/2024